[636 NYS2d 1003]

In the Matter of DEAN A. BURTON (Admitted as DEAN ALAN BURTON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT.

First Department, December 28, 1995

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1978. At all relevant times, he has maintained an office within the First Judicial Department.

On May 24, 1995, respondent pleaded guilty to criminal possession of a forged instrument in the third degree (a misde-

meanor) in Supreme Court, Bronx County. According to the complaint, respondent signed a Judge's name to a divorce decree and gave it to his client. Respondent's counsel points out that the name that appears on the divorce decree is actually that of a Judicial Hearing Officer, not a Judge. She also points out that the divorce decree has never been filed in any court.

In his Affidavit of Resignation dated October 6, 1995, respondent admits that he committed the acts underlying his conviction and expresses his remorse. Respondent asserts that, at the time of his crime, he was not "a very experienced attorney" and his partner was ill, leaving him feeling "inundated and overwhelmed by the additional work on many matters." He further asserts that he was under many personal and family pressures. Finally, he claims that "the incident * * * was uncharacteristic and truly regrettable."

At the time his plea was entered, the Trial Justice made respondent's resignation from the Bar a condition of any negotiated sentence.

Respondent submits his resignation pursuant to 22 NYCRR 603.11 (a). In his affidavit, respondent states that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; and that he is fully aware of the implications of submitting his resignation. He also asserts that he has ceased the practice of law, notified his clients that he is no longer practicing law, and transferred all his clients' matters to new counsel.

The Departmental Disciplinary Committee supports respondent's request for permission to resign.

22 NYCRR 603.11 (a) provides:

"An attorney who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding pending in the court may submit his resignation by submitting to the Departmental Disciplinary Committee an affidavit stating that he intends to resign and that:

"(1) his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation;

"(2) he is aware that there is pending an investigation or disciplinary proceeding into allegations that he has been guilty of misconduct, the nature of which shall be specifically set forth; and

"(3) he acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully

defend himself on the merits against such charges, or that he cannot successfully defend himself against the charges in the proceedings pending in the court."

While respondent's affidavit does not literally conform to these requirements, it is apparent that respondent has admitted his guilt and that the conviction would be the basis for a serious crime petition by the Committee. His admission, at the time the plea was taken, indicates that he could not defend himself against the charges contained in such a petition.

Accordingly, this Court accepts respondent's resignation, and his name is stricken from the roll of attorneys, effective October 6, 1995, the date of his affidavit of resignation.

The unpublished opinion Per Curiam filed with the order of this Court entered on December 21, 1995 (M-5533) is hereby recalled and vacated and the above substituted therefor.

SULLIVAN, J. P., WALLACH, RUBIN, ASCH and MAZZARELLI, JJ., concur.

Respondent's resignation is accepted and filed, and his name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective October 6, 1995. The unpublished order of this Court entered herein on December 21, 1995 is recalled and vacated.